UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RALPH OLIVER BENNETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:12-CV-135-CDP |
| | ) | |
| ROSLYN MORGAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Ralph Oliver Bennett (registration no. 36079) for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee, and therefore, the motion will be granted, and plaintiff will be assessed an initial partial filing fee of $.62. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint [Doc. #1] and supplement [Doc. #2], the Court finds that this action should be dismissed under 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. *See* 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id*.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. *See* 28 U.S.C. § 1915(a)(1),(2). A review of plaintiff's account statement indicates an average monthly deposit of $3.12, and an average monthly account balance of $00.00. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $.62, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is

immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with

3

alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950-52.

Moreover, in reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

## The Complaint and Supplement

Plaintiff, an inmate at the Potosi Correctional Center, brings this 42 U.S.C. § 1983 action against defendants Roslyn Morgan (District Supervisor, Missouri Board of Probation and Parole), Karen Dobritzky (Veterans Administration employee), Society of Saint Vincent de Paul, Veterans Administration, Darrin Stotler, Mental Health America of Eastern Missouri, Missouri Department of Mental Health, Missouri Public Defenders System, Governor Jeremiah "Jay" Nixon, as well as the following Eastern Reception and Diagnostic Correctional Center employees: Matthew Pultz, William Bailey, Randall S. Beel, Jerry Jackson, Unknown Brown, John S. Prier, Steven D. Niederkorn, Chuck Lewis, Dustin H. Peters, Kevin D. McCrorey, Patricia Carothers, Matthew W. Downs, S. Roberts, Roy Eldridge, Terry Russell, Unknown Wallace, Stan Jackson, Unknown

Chastain, Brett Ferguson, Unknown Jorge, Jeanne S. Larkins, and Susan Singer. For relief, plaintiff seeks $900 billion in actual damages, $900 quadrillion in punitive damages, a camera phone and lap top computer, "24-7 access to [an] ambulance, complete with 6 changes of batteries," and the reinstatement of his supplemental security income and veterans benefits.

As set forth in his complaint, plaintiff's allegations consist of eighteen pages of rambling, conclusory, and disjointed statements relative to a myriad of different topics, including a "home invasion," the "re-routing" of plaintiff's direct deposit checks from the Social Security Administration, plaintiff's marine corps training and his skill in hand-to-hand combat, the effects of involuntarily medicating a marine with psychotropic medications, his need for orthopedic shoes, the "staff's" theft of property from his cell, slander, defamation, and an "attempt on [his] life" with pepper mace.  For the most part, the allegations consist of incoherent statements, such as, "According to Dobritzky; Impersonating an Officer; Fabricating Evidence, 2 Counts; Kidnapping; Assault, and Attempted Murder in that on August 6; p.m. and thereafter; continuing thru to the early morning hours of August 7, 2009 . . . " Plaintiff's ten-page supplement to the complaint is equally disjointed.  Although plaintiff does state that he "was reduced to discontinuing all his life-sustaining medications, excluding his nitroglycerin," he fails to allege that any of the named defendants were directly responsible, and

5

he provides no supporting facts. Rather, he immediately goes on to complain that he "was reduced to cash surrendering a life insurance policy . . . he'd had since he was fifteen years old," and summarily states that this made it "increasingly more difficult for [him] to get to his meals, so he could feed himself in his cell."

Although a pro se complaint is to be liberally construed, the complaint must contain a short and plain summary of facts sufficient to give fair notice of the claim asserted. *Means v. Wilson*, 522 F.2d 833, 840 (8th Cir. 1975). Moreover, "[l]iability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff). In the instant action, plaintiff has not set forth sufficient facts indicating that any of the named defendants were directly involved in or personally responsible for the alleged violations of his constitutional rights. Although the Court must liberally construe plaintiff's factual allegations, it will not supply additional facts or construct a legal theory for plaintiff that assumes facts that have not been pleaded.

Thus, having carefully reviewed the complaint and supplement, the Court concludes that plaintiff's factual allegations fail to state a claim or cause of action under § 1983. Even affording the complaint a liberal construction, the Court is

unable to ascertain the nature of plaintiff's claims or to identify a claim that survives frivolity review under § 1915(e)(2)(B). For these reasons, this action will be dismissed, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #4] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $.62 within thirty (30) days from the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall docket this case as *Ralph Oliver Bennett v. Roslyn Morgan, Karen Dobritzky, Society of Saint Vincent de Paul, Veterans Administration, Darrin Stotler, Mental Health America of Eastern Missouri, Missouri Department of Mental Health, Missouri Public Defenders System, Governor Jeremiah "Jay" Nixon, Matthew Pultz, William Bailey, Randall S. Beel, Jerry Jackson, Unknown Brown, John S. Prier, Steven D. Niederkorn, Chuck Lewis, Dustin H. Peters, Kevin D. McCrorey, Patricia Carothers, Matthew W. Downs, S. Roberts, Roy Eldridge, Terry Russell, Unknown*

*Wallace, Stan Jackson, Unknown Chastain, Brett Ferguson, Unknown Jorge, Jeanne S. Larkins, and Susan Singer.*

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the allegations are legally frivolous and fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 18th day of April, 2012.

_____
**UNITED STATES DISTRICT JUDGE**